UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| PC CONNECTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> JAMES NAGURNEY, <br><br> Defendant. | No. 1:15-cv-00051-LM |

**PLAINTIFF PC CONNECTION, INC.'S MOTION FOR LIMITED
EXPEDITED DISCOVERY AND FOR EXPEDITED TREATMENT OF
THIS MOTION PURSUANT TO LOCAL RULE 7.1(f)**

Plaintiff PC Connection, Inc. ("PC Connection") submits the present Motion for Limited Expedited Discovery ("Motion") pursuant to Federal Rule of Civil Procedure 26(d), and states as follows:

1. This lawsuit arises out of Defendant James Nagurney's ("Defendant") breach of his restrictive covenant agreement with PC Connection. As a remedy for these and the other claims detailed in the Complaint, PC Connection seeks preliminary and permanent injunctive relief and monetary damages. To facilitate its efforts to seek a preliminary injunction against Defendant and to prevent further irreparable harm, PC Connection seeks expedited discovery on a narrow set of topics and in a limited form. The discovery sought by PC Connection is intended to assist the Court and the parties in both narrowing the issues in dispute and analyzing those issues. For this same reason, pursuant to Local Rule 7.1(f), PC Connection asks this Court to address its Motion on an expedited basis.

2. Specifically, and as set forth more fully in the accompanying Memorandum, PC Connection seeks expedited discovery of the following topics:

a. Documents reflecting Defendant's compliance with, or his failure to comply with, his Employee Agreement with PC Connection.

b. The terms and conditions of any actual or anticipated employment, consulting or similar relationship between Defendant and his new employer, Heartland Business Systems ("Heartland").

c. Any information, work or consulting services provided, or to be provided, by Defendant to Heartland, including any procedure or protocol in place to address the restrictions in Plaintiff's Employee Agreement with PC Connection.

d. The identity of any Heartland customer or potential customer for whom Defendant has been providing, or is expected to provide, consulting resources or services, sales services, sales support or any direct or indirect assistance with software sales, and the resources, services, support or assistance provided or to be provided to the customer or potential customer.

e. Any communications, directly or indirectly, between Defendant and any Heartland customer or potential customer.

3. PC Connection's seeks an Order permitting the following expedited discovery:

a. Each party may serve up to ten (10) interrogatories and ten (10) document requests on any other party. Responses to these interrogatories and requests, including the production of responsive documents, shall be due within ten (10) days of service.

b. Each party may take up to three (3) depositions of no more than three (3) hours each. These depositions shall not count towards any limit on depositions set forth in the Rules.

c. Each party may serve up to two (2) subpoenas *duces tecum* on non-parties. Each subpoena shall contain no more than five (5) document requests. Responses to these subpoenas, including the production of responsive documents, shall be due within ten (10) days of service.

4. PC Connection has established good cause for expedited discovery because the discovery requested is tailored to the narrow purpose of developing the factual record for a possible preliminary injunction motion. In addition, expedited discovery is necessary to preclude the continued irreparable harm that PC Connection is suffering as the result of Defendant's actions. In light of the reasonableness of its request under the circumstances, PC Connection requests that the Court grant its motion for limited expedited discovery.

5.    <u>Certificate Pursuant to Local Rule 7.1(a)(2)</u>.  In support of this Motion, PC Connection submits the attached Memorandum of Law, and hereby incorporates its contents into this Motion.

6.    <u>Certificate Pursuant to Local Rule 7.1(c)</u>.  While no counsel for Defendant has filed and appearance, PC Connection did make a good faith attempt to obtain consent from Defendant's counsel to the relief requested herein as required by Local Rule 7.1(c).  Defendant's counsel did not consent to the relief requested herein.

WHEREFORE, PC Connection respectfully requests that this Honorable Court:

a.    Grant its Motion for Limited Expedited Discovery

b.    Permit the parties to immediately commence limited discovery on the matters referenced above and in the attached Proposed Order; and

c.    Grant such other and further relief as may be just, equitable and appropriate.

Dated: February 24, 2015

Respectfully submitted,

PC CONNECTION, INC

By its attorneys,

*/s/    Jeffrey S. Brody*
Jeffrey S. Brody (NH Bar No. 13823)
JACKSON LEWIS, P.C.
100 International Drive, Suite 363
Portsmouth, NH 03801
Phone: (603) 559-2700
Fax: (603) 559-2701

**CERTIFICATE OF SERVICE**

  This hereby certifies that on this 24th day of February 2015, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants. A copy will also be sent to counsel for Defendant, who have not yet filed appearances.

              */s/ Sarah B. Herlihy*
              Sarah B. Herlihy

4839-4442-5249, v. 1